United States District Court
District of Minnesota
Third Division

Saba Habte,

Plaintiffs

v.

American Express Financial Advisors, Inc.,

Defendant

File No.00-CIV-333 ADM/AJB

**ORDER ON MOTION COMPEL DISCOVERY**

---

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on plaintiffs' motion to compel discovery. Plaintiff deposed several employees of defendant on May 15, 2000. During two of those depositions, plaintiff's counsel (Gant) asked deponents to recount the content of conversations they had previously had with defendant's counsel (Frost) and paralegal (Almquist). Specifically, Gant asked both deponents what questions Frost and Almquist had asked them during those conversations. Frost objected on the grounds that the questions sought to discover protected attorney work product. She instructed the deponents not to answer the questions, but did not object to questions regarding statements made by herself and Almquist, or to questions regarding statements the deponents made during those conversations. Plaintiff subsequently brought this motion to compel deponents to answer the questions to which Frost objected. Plaintiff asserts she is entitled to these answers because the questions are "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Plaintiff argues that because the two deponents are non-party witnesses, their conversations with Frost and Almquist "are not of a confidential nature or privileged nature....," and opinion work product protection does not apply. Plaintiff's memorandum at 5. Plaintiff

FILED AUG 10 2000
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

misinterprets the work product doctrine. In the absence of an extraordinary justification, attorney work product is undiscoverable if it "reveals the opinions, judgments, and thought processes of counsel." In Re Sealed Case, 676 F.2d 793, 809-10 (C.A.D.C. 1982). The nature of counsel's relationship with deponents is not relevant to this determination. The Court must decide whether the questions at issue invade the private thought processes of counsel. If they do, plaintiff must show some extraordinary circumstance for requiring the information.

The questions Frost and Almquist asked deponents in their pre-deposition interviews are protected opinion work product. There is a consensus that "a deponent in the course of a deposition may not be asked questions that would reveal expressly his or his lawyer's mental impressions, conclusions, opinions, or legal theories concerning the instant litigation." Hydramar, Inc. v. General Dynamics Corp., 119 F.R.D. 367, 372 (E.D.Pa. 1988). This protection applies equally to interviews with both parties and nonparties. In Ford v. Philips Electronics Instruments Co., 82 F.R.D. 359 (E.D.Pa. 1979), defendant's counsel asked a non-party witness to relate "everything else you can remember that you discussed" pertaining to the case. Id. at 360. The Court concluded that "[i]nsofar as defendant's question attempted to elicit from the witness the specific questions that plaintiff's counsel posed to him, or even the area of the case to which he directed the majority of his questions, it exceeds the permissible bounds of discovery and begins to infringe on plaintiff's counsel's evaluation of the case." Id. at 360. To the extent that plaintiff's counsel sought to discover the questions asked of deponents by Frost and Almquist, he sought information which tends to reveal defendant's counsel's thought processes, and which is therefore protected opinion work product.

Plaintiff has failed to show any extraordinary justification for discovering the information

sought here. Plaintiff's only asserted justification is that she would receive information "out of context" unless she knows the questions deponents were asked. Even without this "context," however, plaintiff still had full and free access to all information which passed between the deponents, on the one hand, and Frost and Almquist, on the other, during these pre-deposition meetings. Inability to discover the particular questions asked falls well short of an extraordinary justification, "such as when the material demonstrates that an attorney engaged in illegal conduct or fraud." Baker v. General Motors Corp., 209 F.3d 1051, 1054. Plaintiff can obtain all relevant information from deponents without knowing the substance of the questions asked of them by Frost and Almquist. Consequently, plaintiff's motion to compel discovery is **DENIED**.

Both parties' requests for attorney's fees are **DENIED**.

Dated: 8/9/00

Arthur J. Boylan
United States Magistrate Judge